File Name: 22a0542n.06

NOT RECOMMENDED FOR PUBLICATION

Case No. 22-3337

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 29, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ROADWAY SERVICES, INC., | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TRAVELERS CASUALTY AND SURETY | ) | OHIO |
| COMPANY OF AMERICA, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, STRANCH, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. To compel coverage, Roadway Services, Inc. sued its insurer, Travelers Casualty and Surety Company of America. Travelers argues it has no duty to cover Roadway's claim. We agree, reverse, and remand.

I.

In 2018, a driver struck and killed a Roadway employee while he was on the job. His widow sued Roadway for wrongful death, alleging it failed to maintain safe working conditions. *See* Ohio Rev. Code §§ 2125.01, 2305.21, 2745.01. Roadway did not seek coverage under its employment-liability insurance contract. Instead, it asked Travelers to pay for its defense out of a directors-and-officers insurance contract. Travelers refused, citing an exclusion in the policy. So Roadway sued to compel coverage. Both parties moved for summary judgment on Roadway's

coverage claim. Finding the policy ambiguous, the district court ruled for Roadway. Travelers appeals.

## II.

On appeal, Travelers argues that Exclusion A.13(d) of Roadway's insurance contract bars coverage for this claim. We agree.

Under Ohio law, which the parties agree governs, an insurance policy is generally interpreted like any other contract. *St. Marys Foundry, Inc. v. Emps. Ins. of Wausau*, 332 F.3d 989, 992 (6th Cir. 2003). We read a policy's terms according to their plain and natural meaning, and, when possible, give effect to every word and provision. *Id.* Specific provisions govern over more general ones. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 519 (6th Cir. 1999). And when a policy can reasonably be read in more than one way, we construe ambiguity against the insurer. *St. Marys Foundry*, 332 F.3d at 992–93.

These principles resolve this case. Since Exclusion A.13(d) clearly excludes coverage for the widow's suit, Travelers has no duty to indemnify Roadway for this loss.

Roadway's policy contains three agreements: Insuring Agreements A., B., and C. The first two cover Roadway's directors and officers as well as the cost of indemnifying them. The third, Insuring Agreement C., covers Roadway itself. It insures Roadway for losses "resulting from any claim" made during the policy period. R. 7-1, Pg. ID 257 (cleaned up). However, the policy also contains a relevant exclusion, A.13(d). Exclusion A.13(d) provides that "with respect to Insuring Agreement C. only," Travelers "will not be liable for loss for any claim . . . based upon or arising out of any employment related wrongful act." *Id.* at 262 (cleaned up). In other words,

it eliminates Insuring Agreement C.'s coverage of losses arising from any employment-related wrongful acts.

This exclusion bars Roadway's claim. Roadway seeks coverage for the wrongful-death suit under Insuring Agreement C. And the wrongful-death suit involves what the parties agree qualifies as an employment-related wrongful act—Roadway's alleged failure to maintain safe working conditions. So Exclusion A.13(d) eliminates coverage of Roadway's losses from the wrongful-death suit.

## III.

In response, Roadway primarily argues that an exception to a second exclusion, A.2, "exempts [the widow's claim] from exclusion" under A.13(d). Appellee's Br. 10. In other words, it claims that Exclusion A.2's exception "functions as a carve back." *Id.* at 17 (cleaned up). This argument fails because Exclusion A.2 doesn't "carve back" to create coverage that Exclusion A.13(d) eliminates. Rather, the exclusions operate independently of each other. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.,* No. 5-81-11, 1981 WL 6708, at *5 (Ohio Ct. App. Nov. 2, 1981) (finding that one exclusion may bar coverage when another does not apply). A.2 is an exclusion that eliminates coverage of bodily-injury claims across the entire policy (Insuring Agreements A. through C.), except that it does not apply to claims for mental anguish "with respect to any employment related Wrongful Act." R. 7-1, Pg. ID 260. Exclusion A.13(d), in turn, further limits coverage under Insuring Agreement C. *Id*. at 262. Specifically, it eliminates Insuring Agreement C.'s coverage of losses "arising out of *any* employment related Wrongful Act," regardless of the sort of injury involved. *Id*. (emphasis added). Thus, these exclusions function separately to limit coverage in distinct ways. Exclusion A.2 generally eliminates

coverage for bodily-injury claims across the entire policy, while Exclusion A.13(d) further eliminates coverage for employment-related wrongful-act claims under Insuring Agreement C.

Had the policy intended Exclusion A.2's exception for claims involving mental anguish to cancel out Exclusion A.13(d), it would have said so. But Exclusion A.2 does not say that it "guarantees coverage" of claims involving mental anguish. Rather, it simply does "not apply" to such claims. *Id.* at 260. Thus, the natural reading of Exclusions A.2 and A.13(d) is that each serves as a separate policy exclusion, not that the exception to one applies to the other. And this interpretation accords with how Ohio courts have interpreted similar provisions in the past. *See, e.g.*, *State Farm Mut. Auto. Ins. Co.*, 1981 WL 6708, at \*5.

Roadway raises three further arguments. First, it asserts that Exclusion A.13(d)'s language, "based upon or arising out of," encompasses only a narrow set of physical-injury claims brought by the injured employee himself. Appellee's Br. 5, 24-26. On this logic, the wrongful-death claim is too attenuated from Roadway's employment-related wrongful act to trigger Exclusion A.13(d), since the widow, not an injured employee, is bringing the suit. Roadway rests this conclusion on the policy's use of the term "resulting from" in Insuring Agreement C., "with respect to" in Exclusion A.2, and "based upon or arising out of" in Exclusion A.13(d), reasoning that each must denote a different degree of relationship with an employment-related wrongful act.

This argument fails because it disregards the plain meaning of "arising out of." *See St. Marys Foundry*, 332 F.3d at 992. "Arising out of" means "causally related to the occurrence." *Westfield Ins. Co. v. Hunter*, 948 N.E.2d 931, 936 (Ohio 2011) (citation omitted); *see* Arise, *Oxford English Dictionary Online* (3d ed. 2022) ("To spring, originate, or result from." (emphasis omitted)). And here, the wrongful-death suit is "causally related" to Roadway's wrongful act. Because of Roadway's alleged failure to maintain safe working conditions, its employee would

not have died, and his widow would not have suffered mental anguish and sued.  Thus, the losses "arise out of" Roadway's wrongful act, and Exclusion A.13(d) applies.  In reading "arising out of" this way, we are in good company.  *See Westfield Ins. Co.*, 948 N.E.2d at 936; *Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128 (2d Cir. 2001) ("The phrase 'arising out of' is usually interpreted as 'indicat[ing] a causal connection.'" (quoting *Am. States Ins. Co. v. Guillermin*, 671 N.E.2d 317, 325 (Ohio Ct. App. 1996)).

True enough, each of the contract's terms must be given a distinct meaning.  But their definitions can still overlap.  A claim can both "arise out of" a wrongful act and be a claim for injury brought "with respect to" the act.  *See Coregis Ins. Co.*, 241 F.3d at 129 (explaining that "with respect to" and "related to" are synonymous, and even if a claim "arises out of" insolvency, it can simultaneously be described as "related to" insolvency).  The same is true for "resulting from."  A loss can "result[] from" a claim for a wrongful act and also be a loss for a claim "arising out of" a wrongful act.  R. 7-1, Pg. ID 257, 262.  And nothing in the contract suggests that the drafters intended to give these terms anything but their plain meaning, even if the meanings do include some overlap.  So this argument carries no weight.

Second, Roadway contends that Exclusion A.13(d) doesn't apply because the claim can be described as both "arising out of" an employment-related wrongful act and as being brought "with respect to" such an act or as a loss "resulting from" such an act.  Appellee's Br. 27–29.  This argument fails because it would make Exclusion A.13(d) superfluous.  *See St. Marys Foundry*, 332 F.3d at 992.  Why?  Because any circumstances triggering Exclusion A.13(d) would also trigger coverage under Insuring Agreement C.  Whenever a loss "arises out of" an employment-related wrongful act, the loss can also be said to "result from" the act.  R. 7-1, Pg. ID 257.  *See* Appellee's Br. 28, illus. A.  Thus, by Roadway's logic, Insuring Agreement C. would always provide coverage

whenever Exclusion A.13(d) would seem to apply, and so Travelers would have to pay every time. The effect would be to make Exclusion A.13(d) meaningless. And the same goes for "with respect to." Since a claim "arising out of" a wrongful act can always also be described as a claim "with respect to" a wrongful act, Exclusion A.2's exception would negate all of Exclusion A.13(d). R. 7-1, Pg. ID 260, 262. We decline to adopt this reading. Instead, the rule that the specific governs the general controls. *Greenberg*, 177 F.3d at 519. When both Insuring Agreement C.'s general grant of coverage and Exclusion A.13(d)'s specific limitation apply, Exclusion A.13(d) governs.

Finally, Roadway asserts that even if its other arguments fail, the policy is ambiguous. Appellee's Br. 29–30. We disagree. The policy's general bodily-injury exclusion and Insuring Agreement C.'s narrow employment-related wrongful-act exclusion read together naturally, and they do so in only one way. Exclusion A.2 establishes that the policy covers no bodily-injury claims. Exclusion A.13(d), in turn, further provides that Insuring Agreement C. covers no claims arising out of employment-related wrongful acts, regardless of the sort of injury involved. R. 7-1, Pg. ID 262. No conflict exists between these two exclusions, nor are the exclusions ambiguous.

\* \* \*

The district court's judgment is reversed, and the case is remanded with instructions to enter judgment for Travelers on the coverage claim.